Receipt # 060821

ECF

ORIGINAL

FILED
JUN 1 7 2004
U.S. COURT OF FEDERAL CLAIMS

**MONROE & MCDONOUGH, P.C.**
6280 E. Pima, Suite 105
Tucson, Arizona 85712
Tel: (520) 325-2000
Fax: (520) 886-2527
e-mail: kmacomber@mmazlaw.com
Karl MacOmber, Esq.
PCC No.35924
AZ State Bar No.006018
*Attorneys for Plaintiff*

**IN THE UNITED STATES FEDERAL COURT OF CLAIMS**

**FAR WEST PUMP, INC., an Arizona corporation,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA, a body politic; BUREAU OF LAND MANAGEMENT, an Agency of the United States; ELAINE Y. ZIELINSKI, Director of BLM for District of Arizona, in her official capacity,**

**Defendants.**

**Case No.** 04-1026C

**CIVIL COMPLAINT**

The Plaintiff alleges as follows.

1. The Plaintiff is an Arizona Corporation, licensed at all material times by the Arizona Registrar of Contractors to perform well drilling work; the Defendants are agents of or subdivisions of the federal government of the United States of America; that this Court has jurisdiction of this action pursuant to 41 U.S.C. Sec. 609(a)(1); that the contract which is the subject of this action was between the Bureau of Land Management and the Plaintiff.

2. On or about January 31, 2003, the Plaintiff entered into a contract with the Defendants to drill a water well in an area known as the Arizona Strip.

/ / /

3. The Arizona Strip is a remote area, north of the Grand Canyon and along the Utah-Arizona border.

4. The Parties' contract specified the place and depth of the well to be drilled by the Plaintiff.

5. The Parties' contract did not contain any provision wherein the Plaintiff guaranteed that water or a usable amount of water would be accessed by the Plaintiff's efforts.

6. Pursuant to the terms of the Parties' contract, the Plaintiff went to the Arizona Strip and drilled a well in conformance with the plans and specifications of the Parties' contract, both as to the location and depth of the well.

7. The well that was drilled was dry; the Plaintiff's efforts did not result in accessing any usable amount of water.

8. The Plaintiff had marshaled all materials specified in the contract for the construction of the well from its home office in Tucson, Arizona to the Arizona Strip, a distance of approximately 600 miles.

9. Due to the fact that the well was a dry well, the well was abandoned and such materials for the completion of the well such as casings, gravel pack and screen, hereinafter collectively referred to as the "excess materials" were not installed in the dry well.

10. Following the determination that the well was dry and would be abandoned, the Plaintiff held its crew in the Arizona Strip waiting for a determination from the Bureau of Land Management as to whether BLM wanted to retain the excess materials in the area of the Arizona Strip.

11. After several days waiting for word from the BLM as to how to proceed, Dan Stone, Field Operations Director / Contracting Officer's Representative for the BLM in the Arizona Strip,

directed the Plaintiff to store the excess materials in a storage facility belonging to the federal government in St. George, Utah.

12. Pursuant to the instructions of Mr. Stone, the Plaintiff traveled to St. George, Utah, and stored the excess materials in the facility designated by Mr. Stone.

13. The agreement of the Parties included the purchase of the excess materials by the Defendants.

14. The instructions of Mr. Stone to the Plaintiff, to store the excess materials in the facility at St. George, Utah was not a modification of the Parties' contract.

15. Following the Plaintiff's completion of the storing of the excess materials, the Plaintiff returned to Tucson, Arizona.

16. Thereafter, the Plaintiff made a submission for final payment to the BLM in Phoenix, Arizona.

17. Despite repeated attempts at negotiating the matter, the contracting officer for the BLM rejected the Plaintiff's claim for payment and insisted that the Plaintiff return to St. George, Utah and remove the excess materials from the storage facility there and take them back to Tucson, Arizona, based on the excuse that the Plaintiff had failed to 'clean up the jobsite'.

18. The Plaintiff has fully performed its contract with the Defendants.

19. The Plaintiff has made demand upon the Defendants for the balance due on the Parties' contract, the amount of $10,325.65, which amount the Defendants have refused to pay.

20. The Plaintiff is entitled to interest on the balance due pursuant to 41 U.S.C. Sec. 611, its costs and attorneys fees pursuant to the terms of the Parties agreement and the Contract Disputes Act.

/ / /

/ / /

WHEREFORE the Plaintiff prays for the following relief:

a. For a Judgment against the Defendants in the principal sum of $10,325.65 plus interest until paid;

b. For an award of the Plaintiff's costs and attorneys fees; and

c. For such other and further relief as the Court deems justified.

RESPECTFULLY SUBMITTED this 15th day of June, 2004.

**MONROE & MCDONOUGH, P.C.**

By: Karl MacOmber

Karl MacOmber
*Attorney for Plaintiff*